**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE:  ) | CASE NO.       19-51084 |
| MARJORIE PARTCH,  ) | CHAPTER         13 |
| Debtor.  ) | ECF No.           44 |

### Appearances

| | |
|---|---|
| Marjorie Partch | *Pro se Debtor* |
| Roberta Napolitano<br>10 Columbus Boulevard<br>6th Floor<br>Hartford, CT 06106 | *Chapter 13 Trustee* |
| Donald E. Frechette<br>Tara L. Trifon<br>Locke Lord LLP<br>20 Church Street<br>Hartford, CT 06120 | *Attorneys for CitiMortgage, Inc.* |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR RELIEF FROM AUTOMATIC STAY
AND GRANTING MOTION TO DISMISS WITH PREJUDICE**

Julie A. Manning, Chief United States Bankruptcy Judge

### I.     Introduction

Marjorie Partch (the "Debtor"), proceeding *pro se*, commenced this case by filing a Chapter 13 petition on August 13, 2019. The Debtor filed her Chapter 13 Plan on October 3, 2019. On November 13, 2019, creditor CitiMortgage, Inc. ("CMI") filed an Amended Motion for relief from the automatic stay or, in the alternative, to dismiss this case with prejudice under 11 U.S.C. §§ 1307 and 105 (the "Motion for Relief or to Dismiss"). In accordance with Bankr.

D. Conn. L.R. 9014-1, CMI served the Motion for Relief or to Dismiss and a Notice setting a response date of November 27, 2019 to respond to the Motion for Relief or to Dismiss on the Debtor and parties in interest. ECF No. 44-2. The Debtor did not file a response to the Motion for Relief or to Dismiss. The Motion for Relief or to Dismiss is ripe for adjudication.

For the reasons that follow, the Court denies CMI's motion for relief from the automatic stay, but grants CMI's motion to dismiss the Debtor's case with prejudice. All other pending matters in the Debtor's case are now moot due to the dismissal of the case.[1]

## II. Denial of Motion for Relief from the Automatic Stay

This case is the Debtor's second bankruptcy case. On July 23, 2018, the Debtor filed a Chapter 13 case, Case No. 18-50914 (the Debtor's First Chapter 13 Case"). The Debtor's First Chapter 13 Case was dismissed for failure to file required documents on March 11, 2019. The instant case, the Debtor's Second Chapter 13 Case, was filed on August 13, 2019, within a year of the Debtor's First Chapter 13 Case pending and being dismissed. Therefore, under 11 U.S.C. § 362(c)(3), the automatic stay terminated on the thirtieth day after the filing of the Debtor's Second Chapter 13 case unless the Debtor had moved and obtained an extension of the automatic stay. Since the Debtor did not move and obtain an extension of the automatic stay, it terminated on September 12, 2019. Thus, on November 19, 2019, when CMI filed its Motion for Relief or to Dismiss, there was no automatic stay in effect from which CMI could be granted relief. Therefore, CMI's motion for relief from the automatic stay is denied.

---

[1] All other pending matters, which are hereby moot, include the Chapter 13 Trustee's Motion to Dismiss for failure to make plan payments or propose a confirmable plan (ECF No. 33); the Debtor's Motion for an Extension of Time to Respond to the Chapter 13 Trustee's Motion to Dismiss (ECF No. 54); and the Debtor's Motion to See File: Marjorie Partch v. City of Norwalk, et al. FST CV19-5021879-S (ECF No. 55).

### III. Dismissal with prejudice and/or to prevent an abuse of process

Section 1307, which governs dismissal of Chapter 13 cases, provides, in part, as follows:

> (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…

11 U.S.C. § 1307. Subsection (c) goes on to provide "a non-exhaustive list of events that would be considered 'for cause.' Although not expressly enumerated in the statute, it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (internal quotation marks and citations omitted). A court must review the totality of the circumstances to determine whether a case should be dismissed for lack of good faith. *Id.* at 499-500. The totality of the circumstances analysis "should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (quoting *In re Love,* 957 F.2d 1350, 1357 (7th Cir.1992)).

While dismissal of a bankruptcy case is generally without prejudice, section 349(a) "at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title."

11 U.S.C. § 349. Therefore, "if 'cause' exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse* at 662.

In addition to the authority to dismiss a case for cause set forth in sections 1307(c) and 349(a), section 105(a) of the Bankruptcy Code provides that "[n]o provision of this title shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Section 105(a) provides bankruptcy courts with a general grant of power to police dockets and afford appropriate relief. *See* 8 Collier on Bankruptcy, ¶105.01[2], p. 105-9 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.) (citing *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017), *reconsideration denied*, 582 B.R. 358 (Bankr. S.D.N.Y. 2018) ("Section 105(a) is understood as providing courts with discretion to accommodate the unique facts of a case consistent with policies and directives set by the other applicable substantive provisions of the Bankruptcy Code")). Thus, section 105(a) empowers the Court to act as necessary to prevent an abuse of the bankruptcy process. *See* 8 Collier on Bankruptcy, ¶1307.04, p. 1307-11 – 1307-12 (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

**IV.    Facts supporting dismissal with prejudice**

The Court concludes that the Debtor's instant Chapter 13 case was not filed in good faith and was filed to hinder, delay, or frustrate creditors, which is an abuse of the bankruptcy process. The facts demonstrate that cause exists to dismiss the Debtor's case with prejudice to refiling for a two-year period.

On March 20, 2013, CMI initiated foreclosure proceedings against the Debtor's mother, Dorothy Partch, with respect a mortgage she executed secured by real property commonly

known as 20 Devil's Garden Road, South Norwalk, Connecticut (the "Property"). *See CitiMortgage Inc. v. Dorothy D. Partch*, FST-CV13-6017689-S (the "State Court Foreclosure Action"). A judgment of foreclosure by sale entered in the State Court Foreclosure Action on May 11, 2015. On June 3, 2016, after the death of Dorothy Partch, the Debtor was substituted as the defendant in the State Court Foreclosure Action. On June 18, 2016, a foreclosure sale of the Property was conducted. The Superior Court confirmed the sale on April 3, 2017. On April 24, 2017, the Debtor attempted to remove the State Court Foreclosure Action to the United States District Court for the District of Connecticut. Case No. 3:17-cv-00671. On June 16, 2017, the District Court granted CMI's motion to remand. Upon remand, on October 12, 2017, the Debtor filed a Notice of Appeal in the Connecticut Appellate Court of the judgment of foreclosure by sale entered in the State Court Foreclosure Action.

     On September 29, 2017, the Debtor recorded a purported Notice of Rescission of the loan transaction between the original lender and Dorothy Partch on the Norwalk, Connecticut land records. On October 5, 2017, CMI initiated a lawsuit against the Debtor in the United States District Court for the District of Connecticut seeking declaratory relief that the Notice of Rescission was invalid, and that the Debtor had no right of rescission as a matter of law. *See CitiMortgage, Inc. v. Marjorie Partch*, Case No. 3:17-cv-01683 (the "Rescission Notice Action"). CMI moved for summary judgment against the Debtor in the Rescission Notice Action on October 27, 2017. The District Court granted CMI's summary judgment motion and entered judgment in CMI's favor on August 31, 2018.

     The Debtor's First Chapter 13 Case was filed on July 23, 2018. The case was dismissed on August 9, 2018 for the Debtor's failure to pay the filing fee. ECF No. 12. On September 20, 2018, the Court granted the Debtor's second amended motion to set aside the order dismissing

her case. ECF No. 28. Despite having her case restored to the docket, the Debtor's First Chapter 13 Case was dismissed on March 11, 2019 for failure to timely file a First Amended Chapter 13 Plan after denial of confirmation of the Debtor's original Chapter 13 plan. ECF Nos. 43, 48. The Debtor then again sought relief from the dismissal order, which the Court denied. ECF No. 57. The Debtor then appealed the second order dismissing her case to the United States District Court for the District of Connecticut. On June 25, 2019, the District Court granted CMI's motion to dismiss the appeal. ECF No. 93. The Debtor's First Chapter 13 Case was closed on June 28, 2019. The Debtor's Second Chapter 13 Case was filed on August 13, 2019.

The facts set forth above and contained in the record of the Debtor's bankruptcy cases demonstrate that dismissal with prejudice is warranted under the totality of the circumstances. First, the repeated filings by the Debtor – in the bankruptcy court, in the district court actions, and in the State Court Foreclosure Action – evidence an attempt to hinder, delay, or frustrate CMI's completion of the State Court Foreclosure Action. The volume and pattern of the filings show that the Debtor seeks to use the litigation process as a mechanism by which to prevent CMI from completing transfer of title to the Property to the successful bidder at the foreclosure sale. In fact, two other courts have noted the Debtor's multiple filings. In a memorandum of decision in the State Court Foreclosure Action, the Superior Court characterized the pace of filings since the Debtor was substituted as a party as a "cascade or avalanche." *See CitiMortgage Inc. v. Dorothy D. Partch*, FST-CV13-6017689-S, Memorandum of Decision re: Motion to Dismiss, #334.00, February 1, 2017. Likewise, in its Order dismissing the appeal of the Debtor's First Chapter 13 Case, the District Court noted as follows: "Partch has otherwise delayed the appeal by failing to timely designate the record … and filing collateral motions that do not coherently state grounds for relief. Despite having previously granted Partch extensions of time to

6

prosecute this appeal …, the Court now shares CitiMortgage's concerns that Partch willfully seeks to improperly delay this appeal and the adjudication of her legal proceedings." *See* Case No. 18-50914, ECF No. 93. The facts here enable the Court to conclude that the Debtor's filings are designed to forestall a complete and final resolution of the State Court Foreclosure Action.

Second, in addition to frustrating the efforts of creditors by filing two bankruptcy cases to obtain the automatic stay, the Debtor has failed to perform the duties of a debtor as required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. In her Second Chapter 13 Case, the Debtor sought multiple extensions of time to file required documents. *See* ECF Nos. 10, 13, and 17. The Court's last order granting the Debtor an extension of time required her to file Schedules, a Certificate of Credit Counseling, and other declarations by September 30, 2019. ECF No. 19. The Debtor failed to comply with this order, and instead filed her Schedules on October 3, 2019. ECF No. 23. The Debtor also failed to appear at the section 341(a) Meeting of Creditors in violation of a debtor's duties under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *See* 11 U.S.C. § 343 and Fed. R. Bankr. P. 4002. In addition, the Debtor sought and obtained an order allowing her to pay the filing fee in installments. However, the Debtor did not pay the filing fee in accordance with that Order, and, as was true in the Debtor's First Chapter 13 case, the Debtor has failed to pay the filing fee in full. In fact, since the Debtor's case was filed on August 13, 2019, the Debtor has paid only $10.00 of the required $310.00 filing fee. An examination of the record of the Debtor's bankruptcy cases display that the Debtor consistently does not perform the duties of a debtor required under 11 U.S.C. § 521.

Furthermore, the present case does not appear to have a legitimate bankruptcy objective. At the time of the filing of this case, the Debtor had another case pending but dismissed within the previous year. In accordance with section 362(c)(3), the automatic stay terminated on the

7

thirtieth day after filing the Debtor's petition.  *See* 11 U.S.C. § 362(c)(3).  Although the Bankruptcy Code allows a debtor to file a motion to extend the automatic stay beyond the initial thirty days of the case, the Debtor made no efforts to do so.  Also, the Debtor's proposed Chapter 13 Plan is not confirmable for several reasons.  First, it does not address CMI's claim at all despite the fact that a judgment of foreclosure by sale entered in the Superior Court on May 11, 2015, the sale actually occurred, and the sale was approved by the Superior Court.  Second, the Plan does not treat and/or propose to treat the proofs of claim filed by creditors in her case.  Third, the record in the Debtor's cases establishes that she has not make any payments to the Chapter 13 Trustee in violation of 11 U.S.C. § 1326.  Finally, despite being on notice of the possibility her case could be dismissed with prejudice, the Debtor did not file a response to the Motion for Relief or to Dismiss.

In all, there is ample evidence that the Debtor has filed successive bankruptcy petitions to stay the State Court Foreclosure Action and not for any bankruptcy purpose.  The Court can readily conclude that the Debtor has not demonstrated good faith by filing this Chapter 13 case, and that dismissal of this case should be with prejudice and conditioned on a two-year bar to filing.

### V.     Conclusion

Therefore, a review of the totality of the circumstances establishes that cause exists pursuant to 11 U.S.C. § 1307(c) to dismiss the Debtor's case.  *See Armstrong*, 409 B.R. at 634.  In addition, pursuant to 11 U.S.C. § 349(a), dismissal of the Debtor's case with prejudice is warranted under the circumstances present here.  *See Casse*, 219 B.R. at 662.  Finally, dismissal with prejudice is appropriate under section 105(a) to prevent an abuse of the bankruptcy process.  *See* 8 Collier on Bankruptcy, ¶1307.04, p. 1307-11 – 1307-12.

Accordingly, it is hereby

**ORDERED:** CMI's request for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) is DENIED because pursuant to 11 U.S.C. § 362(c)(3), the automatic stay was not in effect when the Motion for Relief or to Dismiss was filed; and it is further

**ORDERED:** Pursuant to 11 U.S.C. §§ 1307(c), 349, and 105(a), cause exists to dismiss the Debtor's case and to impose conditions on the dismissal to prevent an abuse of process; and it is further

**ORDERED:** The Debtor's case is dismissed with prejudice with a two-year bar to filing a bankruptcy petition under any chapter of the Bankruptcy Code from the date of the entry of this Order; and it is further

**ORDERED:** All other pending motions are moot due to the dismissal of this case; and it is further

**ORDERED**: At or before 4:00 p.m. on January 7, 2019, the Clerk's Office shall serve this Order upon the Debtor at the address listed on the Debtor's Chapter 13 petition.

Dated at Bridgeport, Connecticut this 7th day of January, 2020.

*Julie A. Manning*
Chief United States Bankruptcy Judge
District of Connecticut